EDMUND J. STEIN v. WALTER L. RAINEY and CHARLES G. WEBB, Appellants.

Division One, July 30, 1926.

1. **DAMAGES: Shooting by Intoxicated Person: Liability of Seller.** A petition charging that a defendant, operating unlawfully a place where intoxicating liquor was sold, wilfully caused, contributed and assisted in procuring intoxicating liquor for another, and thereby caused said other's intoxication, which directly contributed to the shooting and injuries of plaintiff by said other, in violation of the National Prohibition Act, charges every element of a cause of action under Section 20 of said act.

2. **MISJOINDER: Waiver: Joint Verdict and Judgment.** Although the petition on its face discloses misjoinder both of causes of action and of defendants, in that it joins in the one petition a separate and distinct cause of action against each defendant which in no way affects the other, their contention that a joint judgment against both could not be rendered must be denied, where their independent tortious acts united in producing a single injury for which each is liable to make full reparation, and where both consented to the uniting of the two independent suits; and they must be held to have so consented where neither raised any question with respect to the misjoinder, either by demurrer, or motion to elect, or request for a separate hearing or a separate assessment of punitive damages, for therein was waiver.

3 **DEFAULT JUDGMENT: Failure of Proof.** The allegations of the petition, if stating facts sufficient to constitute a cause of action, and if not controverted by an answer, are taken as true; and in such case the default judgment will not be set aside on the theory that there was an entire failure of proof.

**4. DEFAULT: Waiver: No Interlocutory Judgment.** By failing to take a judgment by default against a non-answering defendant plaintiff does not waive the benefit of the statute (Sec. 1256, R. S. 1919) declaring that every material allegation of the petition not controverted by answer shall be taken as true. The only effect of a failure to have a default noted is to waive plaintiff's right to prevent the non-answering defendant from coming in and making a defense after the expiration of the time given him in which to plead. The operation of the statute is not dependent upon the entry of an interlocutory judgment by default. There being no answer, plaintiff is not required to prove his cause of action; he is only required to prove the amount of his damages.

**5. ————: ————: Proving Cause of Action: Misleading Absent Defendant.** A defendant who does not answer and who does not appear at the trial is not misled by the fact that plaintiff assumes there is a general issue, offers evidence relating to such issue and obtains a verdict from the jury thereon. Defendant cannot complain that plaintiff did an unnecessary thing. Cases holding that where the parties proceed to trial upon the theory that a reply has been filed the defendant cannot be heard to contend that no reply was filed have no application to such situation.

**6. PUNITIVE DAMAGES: Default Judgment: Sufficient Allegations.** Allegations in the petition that defendant Webb unlawfully and wilfully caused, contributed and assisted in procuring liquor for defendant Rainey, which caused the intoxication of Rainey, are sufficient warrant under the statute for the assessment of exemplary damages against Webb for the injury to plaintiff resulting from the shooting of plaintiff by Rainey; and where such allegations are followed by the further charge that "said acts of defendants were malicious, entitling plaintiff to punitive damages," the petition affords a sufficient basis for the assessment of punitive damages against Webb, who filed a general demurrer to the petition, and on its being overruled filed no answer and did not further appear in the cause until after final judgment, rendered on a verdict assessing both actual and punitive damages in the same amounts against both defendants.

**7. ————: Evidence: Court Record: Violation of Prohibition Law: Prejudicial to other Defendant.** Where the petition charged that defendant Rainey shot plaintiff and that Rainey's intoxication was caused by defendant Webb, court records showing the conviction of Webb of violations of the prohibition law and that the place where the shooting occurred had been previously raided and subsequently padlocked under the decree of the court were competent against Webb on the question of punitive damages; and where the court specifically ruled at the time such evidence was offered that it was admissible only against Webb, and in the instructions expressly directed the jury to disregard the whole of such evidence in passing upon the issues between plaintiff and defendant Rainey, there was no error in the admission of the evidence. As the evidence tended to show, not only the conditions under which intoxicating liquor was furnished to Rainey, but Webb's wilful, deliberate and systematic violations of the law and his utter disregard to the consequences to plaintiff and others of his unlawful acts, if Rainey suffered any evil effects from such admissible evidence against his said codefendant, it was a necessary incident of the joint trial, of which he cannot complain.

**8. INSTRUCTION: Broadening Allegations: Intentional Shooting.** Where the petition charges that defendant wrongfully and wilfully shot plaintiff, an instruction directing the jury to find for plaintiff if they find that defendant drew a pistol and without any cause shot plaintiff through the back does not broaden the pleadings. The instruction by clear implication requires the jury to find that the shooting was done intentionally and without any legal justification or excuse. And especially is it not prejudicial where another instruction requires the jury to find that defendant, while

intoxicated, recklessly, deliberately and intentionally, and without just cause, shot plaintiff and thereby injured him.

9. ———: **Separate Assessment of Damages: No Request at Trial.** Where no instruction given directed a joint assessment of damages against both defendants, and no instruction was requested directing the jury to assess the damages separately against each defendant, the objection on appeal that the instruction permitted a joint recovery of damages against defendants without requiring a finding that they acted in concert and co-operated with each other in inflicting the injuries, comes too late.

10. **EXCESSIVE VERDICT: Twenty-five Thousand Dollars.** In the trial of a case wherein defendants are charged with wilfully and unlawfully shooting plaintiff through the back, and wherein the evidence shows, without contradiction, that plaintiff, a strong and vigorous man, thirty years of age, has not only been incapacitated from performing ordinary manual labor, but has been rendered a semi-invalid for the rest of his life, a verdict for twenty-five thousand dollars as compensatory damages is not so excessive as requires the interposition of the court.

Corpus Juris-Cyc. References: **Appeal and Error,** 3 C. J., Section 765, p. 865, n. 50; Section 772, p. 877, n. 83; 4 C. J., Section 2717, p. 771, n. 75, 76; p. 772, n. 82; Section 2975, p. 994, n. 55. **Intoxicating Liquors,** 33 C. J., Section 319, p. 646, n. 35; Section 325, p. 648, n. 67; p. 649, n. 81; Section 328, p. 650, n. 94; Section 339, p. 654, n. 36; Section 346, p. 657, n. 1, 5 New; Section 348, p. 658, n. 22. **Judgments,** 33 C. J., Section 74, p. 1126, n. 13; p. 1127, n. 32; 34 C. J., Section 386, p. 173, n. 49; Section 394, p. 179, n. 56, 57; Section 410, p. 189, n. 46. **Pleading,** 31 Cyc., p. 292, n. 84; p. 731, n. 69; p. 743, n. 14.

Appeal from Jackson Circuit Court.—*Hon. James H. Austin,* Judge.

AFFIRMED.

*Strother, Campbell & Strother, Burr N. Mosman* and *Toby Fishman* for appellant Walter L. Rainey.

(1) The court erred in the admission of incompetent, irrelevant and immaterial evidence offered on behalf of plaintiff over the objection of defendant Rainey. Dolan v. McLaughlin, 64 N. W. (Neb.) 1078; Blatz v. Rohrback, 116 N. Y. 450; Richards v. Moore, 62 Vt. 217; Helleker v. Farr, 149 Mich. 444; Welch v. Jugenheimer, 56 Iowa, 11; Applegate v. Winebrenner, 67 Iowa, 235; Loveland v. Briggs, 32 Hun (N. Y.) 477; Wolfe v. Johnson, 152 Ill. 280. (2) The court erred in the giving of Instruction 1 on behalf of plaintiff. Wolfe v. Supreme Lodge, 160 Mo. 675. (3) The court erred in the giving of Instruction 4 on behalf of plaintiff as to defendant Rainey as said instruction is inconsistent with plaintiff's Instruction 1. (4) Plaintiff's Instruction 4 was erroneous in that it permitted a joint recovery of damages against defendants without requiring a finding that defendants acted in concert and co-operated with each other in inflicting the injuries upon plaintiff. Thomas v. Werremeyer, 34 Mo. App. 665; Schafer v. Ostmann, 148 Mo. App. 644. (5) The court erred in overruling defendant Rainey's

motion in arrest of judgment. There can be no joint judgment under the pleadings and the evidence in this case. Thomas v. Werremeyer, 34 Mo. App. 655; Brouster v. Fox, 117 Mo. App. 711; Barton v. Barton, 119 Mo. App. 531; Schafer v. Ostmann, 148 Mo. App. 644; State v. Hickam, 95 Mo. 322; Dickson v. Yates, 194 Iowa, 910. (6) The verdict is excessive. Pley v. Lovette, 167 Ill. App. 494; Cumins v. Crawford, 83 Ill. 312; Roenbeck v. Railroad, 108 N. Y. Supp. 80; Railroad v. Brown, 78 Tex. 397; Van Cleve v. Railroad, 137 Mo. App. 332; Foster v. Railroad, 115 Mo. 165; Williams v. Spokane, 75 Wash. 237; Hayward v. Railroad, 174 Ill. App. 408. (7) The judgment in this case is a joint judgment and defendants are entitled to contribution. Any error as to either defendant inures to the benefit of both. Mulderig v. Railroad, 116 Mo. App. 655; Miller v. United Rys. Co., 155 Mo. App. 528; Knox v. Railway, 199 Mo. App. 64.

*Burr N. Mosman* and *Toby Fishman* for appellant Charles C. Webb.

(1) The demurrer to the petition should have been sustained. Christy v. Butcher, 153 Mo. App. 397; Waechter v. Railroad, 113 Mo. App. 270; Gabriel v. Railway, 130 Mo. App. 654; Raming v. Transit Co., 157 Mo. 507; Gaedis v. Railroad, 161 Mo. App. 225; O'Brien v. Transit Co., 212 Mo. 59; Peterie v. Railroad, 177 Mo. App. 359; Sharp v. Kurth, 245 S. W. 636; Evans v. Ill. Central Railroad Co., 289 Mo. 493. (2) The motion in arrest of judgment should have been sustained. There can be no joint judgment under the pleadings and the evidence in this case. Thomas v. Werremeyer, 34 Mo. App. 665; Brouster v. Fox, 117 Mo. App. 71; Barton v. Barton, 119 Mo. App. 531; Schafer v. Ostmann, 148 Mo. App. 644; State v. Hickam, 95 Mo. 322; Dickson v. Yates, 194 Iowa, 910. (3) Punitive damages are not recoverable as against defendant Webb, under the pleadings in this case. There is no right of action for damages for injuries growing out of the sale of intoxicating liquors at common law. 23 Cyc. 309; Thornton & Woolen on Intoxicating Liquors, sec. 1029, 1032A; Black on Intoxicating Liquors, sec. 281; Joyce on Intoxicating Liquors, sec. 421; Meade v. Stratton, 87 N. Y. 403, 41 Am. Rep. 386; Schulte v. Aden, 210 Ill. 357; Cruse v. Aden, 127 Ill. 231; Quinlan v. Welch, 141 N. Y. 158; Paulson v. Langness, 16 S. D. 471; Bacon v. Jacobs, 63 Hun (N. Y.) 51, 17 N. Y. Supp. 323. (4) There was a total failure of proof to sustain the allegations of the petition. (a) The only cause of action alleged in the petition as against defendant Webb is a cause of action under the Volstead Act. There is no such right of action at common law. Authorities under Point 3. (b) The evidence introduced by plaintiff to sustain his cause of action against defendant Webb was incompetent, irrelevant, immaterial and of no probative force. Dolan v. McLaughlin, 64 N. W. (Neb.) 1078;

Blatz v. Rohrback, 116 N. Y. 450; Richards v. Moore, 62 Vt. 217; Helleker v. Farr, 149 Mich. 444; Welch v. Jugenheimer, 56 Iowa, 11; Applegate v. Winebrenner, 67 Iowa, 235; Loveland v. Briggs, 32 Hun (N. Y.) 477; Wolfe v. Johnson, 152 Ill. 280. Even though no objection was made to the introduction of this evidence the court will not consider the same, in determining whether or not a case was made for the jury, where the evidence has no probative force. Kane v. Railway, 251 Mo. 13; Davidson v. Railway, 207 S. W. 277; Nodaway County v. Williams, 199 S. W. 224; State v. Johnson, 225 S. W. 961; Moran v. Brown, 27 Mo. App. 491; Pagei v. Rose Mfg. Co., 259 S. W. (Texas) 966; Southern Surety Co. v. Nalla Co., 242 S. W. (Texas) 201.   (c)   The provisions of Sec. 1256, R. S. 1919, cannot be invoked by plaintiff to make out a case against defendant Webb, as he waived any right he may have had to the benefit of the same by trying his case on the merits as to defendant Webb.   Roden v. Helm, 192 Mo. 71; Debuhr v. Thompson, 134 Mo. App. 21; Bank of Haywards v. Kenyon, 163 Pac. (Cal.) 869; Black on Judgments, sec. 86, p. 126; 31 Cyc. 733-735; 23 Cyc. 739; Munroe v. Dougherty, 196 Mo. App. 124; Feder v. Greenberg, 191 Ill. App. 144; Lopaz v. Hines, 254 S. W. 37; Madison v. Oil Co., 154 Cal. 768; Blalack v. Blacksher, 11 Ala. App. 545; Stringer v. Mfg. Co., 177 Mo. App. 234; Stevens v. Fitzpatrick, 218 Mo. 708; Brewster v. Land Co., 247 Mo. 223; Shull v. Boyd, 251 Mo. 452; McMurray v. McMurray, 258 Mo. 405.   (d)   Plaintiff had a trial of the issues as to defendant Webb.   Schwoerer v. Christophel, 64 Mo. App. 81; Crossland v. Admire, 118 Mo. 87; Sherer v. Akers, 74 Mo. App. 217; Breed v. Hobart, 187 Mo. 140.   (5)   The verdict is excessive.   Pley v. Lovette, 167 Ill. App. 494; Cumins v. Crawford, 83 Ill. 312; Roenbeck v. Railroad, 108 N. Y. Supp. 80; Van Cleve v. Railroad, 137 Mo. App. 332; Foster v. Railroad, 115 Mo. 165; Williams v. Spokane, 75 Wash. 237.

*Harry G. Kyle* and *Walter A. Raymond* for respondent.

(1)   Plaintiff's petition states a cause of action.   Miller v. Harpster, 273 Mo. 605; Boyd v. Transit Co., 108 Mo. App. 303; Secs. 1226, 1227, 1230, R. S. 1919; Canada v. Daniel, 175 Mo. App. 55.   (2) Any objection to misjoinder of causes of action was waived.   Norton v. Reed, 253 Mo. 236; Dorrance v. Dorrance, 257 Mo. 317; Ford v. Dickinson, 280 Mo. 206; Secs. 1226, 1227, 1230, R. S. 1919.   (3) The demurrer to the petition was properly overruled.   McNamara v. Transit Co., 182 Mo. 676; Reel v. Consolidated Inv. Co., 236 S. W. 43; McKenzie v. Randolph, 238 S. W. 828.   (4)   A joint judgment against both appellants was proper.   (a)   Appellants waived any objection to a joint judgment.   Secs. 1226, 1230, R. S. 1919.   (b) Proof of a conspiracy is not necessary.   Reynolds v. Street Railways,

180 Mo. App. 138; Shafir v. Sieben, 233 S. W. 419; Paul Boynton Co. v. Morris Shute Lbr. Co., 82 Fed. 440. (5) Respondent was properly awarded punitive damages. 41 U. S. Stat. 313, c. 85, tit. p. 20; White v. Railroad Co., 101 S. W. 14; Berry v. Milling Co., 240 S. W. 829; Ford v. Dowell, 243 S. W. 366. (6) The judgment rendered was a default judgment. (a) There was no trial of the issues. Crossland v. Admire, 118 Mo. 87; Breed v. Hobart, 187 Mo. 140. (b) The form of the judgment entry is not material. Sec. 1524, R. S. 1919; Mumford v. Keet, 37 Mo. 144; Lane v. Dowd, 172 Mo. 167; Sextion v. Anderson Electric Co., 234 S. W. 358. (c) The right to a default judgment was not waived. School Dist. v. Shuck, 49 Col. 526, 113 Pac. 511; Phillips v. Postage Transit Co., 137 Wis. 189; Burnes v. Burnes, 61 Mo. App. 612. (7) Appellant Webb is not entitled to take advantage of any error as to defendant Rainey. Mitchell v. Brown, 190 S. W. 354; Adair v. Terminal Ry. Co., 220 S. W. 920; Costello v. Kansas City, 232 S. W. 165; Caldwell v. Payne, 246 S. W. 312. (8) The verdict is supported by the evidence. Jetter v. Terminal Ry. Co., 193 S. W. 956; Surbeck v. Surbeck, 208 S. W. 645; Nash v. Gas. Co., 234 S. W. 360. (9) The verdict is no more than reasonable compensation for respondent's injuries and damages. Evans v. General Explosive Co., 239 S. W. 487; Hurst v. Ry. Co., 219 S. W. 241; Custer v. Kroeger, 241 S. W. 241; Hunter v. Railways Co., 248 S. W. 998; Hobbs v. Boatright, 93 S. W. 934.

RAGLAND, P. J.—As to the nature of this action we will let the petition speak for itself. The prefatory part of that pleading is taken up with descriptions of the resort owned by defendant Webb, known as the "Edgewood Chicken Dinner Farm," and of the events alleged to have occurred there prior to the one on which the action is based—all of which may be regarded as matters of inducement, or else as pure surplusage. The remainder of the pleading is as follows:

"That upon entering said building at said time, the said Walter L. Rainey commanded everyone in said room to stand up and hold their hands up; that said Walter L. Rainey approached near the plaintiff from behind while plaintiff was standing up with his hands up, and wrongfully and wilfully shot plaintiff twice, the first shot striking plaintiff's left arm. The bullet of the second shot, a 44-caliber, entered on the left side of his back and passed through the left lung near the heart, struck a rib in front and glanced to the right, passing through the right side of his back where it was found and removed by a surgical operation; that plaintiff was immediately rendered unconscious; that by reason of said injury plaintiff has been permanently disabled; that both lungs have been severely and

permanently injured; that he sustained a severe nervous shock; that his respiration has been greatly impaired; that both lungs will continue to be in a weakened condition; that a part of them are gone; that he will in the future suffer from his lungs and from his nervous condition; that he is and will be unable to obtain sleep and natural rest; that he has been and will be unable to perform any kind of manual labor; that prior to said accident he was a strong, able-bodied man, capable of earning and did earn $175 per month.

"Plaintiff further states that said shooting was wrongfully and maliciously done without any provocation upon his part; that he did not know defendant Rainey, had never seen him before in his life, and had never been in said place before, and at said time he was eating a lunch with his wife and two other guests at one table.

"Plaintiff states that defendant Charles C. Webb operating said place unlawfully and wilfully caused, contributed and assisted in procuring liquor for defendant Walter L. Rainey which caused his intoxication as hereinbefore stated, which directly contributed to the injuries of plaintiff, in violation of the National Prohibition Act of October 28, 1919, which is now and was at all times hereinbefore mentioned in full force and effect, and also in violation of Section 20, Title II, of said Act.

"Plaintiff states that defendant Walter L. Rainey wrongfully and wilfully shot and injured plaintiff as aforesaid, and that by said wrongful and wilful acts of defendants as aforesaid plaintiff received the aforesaid injuries and was required to and did expend $800 for hospital bills and doctor bills, and that said amount is a reasonable amount; that he will in the future be compelled to expend money for medical attention, the amount of which is unknown to plaintiff at this time; and that by reason of the aforesaid wrongful and wilful acts of defendants, plaintiff received the injuries aforesaid as a direct result thereof and has been actually damaged in the sum of $25,000.

"Plaintiff further states that said acts of defendants were malicious, entitling him to punitive damages in the sum of $15,000.

"Wherefore, plaintiff prays judgment against the defendants in the sum of twenty-five thousand dollars actual damages, and for the further sum of fifteen thousand dollars punitive damages, and for all the costs herein expended."

To the foregoing petition defendant Webb demurred on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and he was given ten days in which to further plead, but he filed no further pleading and made no further appearance in the cause for any purpose until after final judgment. Defendant Rainey did not strike at the petition either by motion or demurrer, but answered with a general denial.

When the cause in due course came on for hearing, a trial was entered upon and proceeded with until final judgment, plaintiff and defendant Rainey being the sole participants. Defendant Webb did not appear at the trial, and though he was at that time in default as to pleading no interlocutory judgment was entered against him.

The evidence offered by plaintiff on the trial tended to show the following facts: Defendant Webb on the date hereinafter referred to was conducting at a place just outside the corporate limits of Kansas City, a resort which he called Edgewood Chicken Dinner Farm. It was housed by a large building, in which there was set apart a space for serving food and drinks and another for dancing. A jazz orchestra of colored musicians furnished the music for dancing; the beverages served included intoxicating liquors. The place was kept open all night and its attractions drew large crowds. On March 26, 1922, at about one o'clock in the morning, plaintiff with a party, which included his wife, appeared there. They took seats at a table near the door where they had entered. Presently they gave an order for chicken sandwiches; the waiter who took the order told them they could not be served for some time as there were many others ahead of them. While waiting for the sandwiches they danced from time to time, returning after dancing to the table where they had taken seats upon first coming in. At some time during the interval the defendant Rainey, who was very much intoxicated and who was in another part of the room, engaged in some sort of melee, in the course of which he brandished a revolver. He was finally quieted by persons who were near him and he then left the building. Shortly thereafter Rainey and another suddenly rushed into the room with revolvers in their hands shouting, "Put your hands up, stick 'em up high." The diners immediately came to their feet with their hands up. And at about that time Rainey and his companion began shooting. The first two bullets from Rainey's gun struck plaintiff and he fell limp and unconscious across the table. Webb, who at all times kept himself stationed near the cash register, came to where plaintiff lay, and after a casual inspection ordered his waiters to carry the body outside. This they did, depositing plaintiff on the ground. Defendant Webb then got into his automobile and made a hasty departure from the scene. Shortly afterward plaintiff was conveyed to a hospital by his wife and their companions of the evening (or morning), where for a time he hovered between life and death. The character and extent of the injuries he suffered are accurately portrayed in the petition, with one exception. It is there alleged that he will not be able in the future to perform *any kind* of manual labor; the proof was that he is permanently incapacitated from doing anything which requires any considerable exertion. At the time of his injury plaintiff was thirty

years of age, strong and robust; he was a glazier by trade; the evidence is silent as to what he was earning per month.

Prior to the occurrence just narrated there had been no acquaintance between plaintiff and Rainey; there had been no contact of any kind between them; nothing had ever occurred to arouse on the part of either hostility toward the other; Rainey was simply drunk and giving rein to a wild impulse to "shoot up" the place.

The defendant, testifying in his own behalf, admitted that he was at Webb's place the first part of the night on which plaintiff was shot; but denied that he was intoxicated or had a pistol at any time while there; denied that he shot plaintiff; and denied that he was present when plaintiff was shot.

During the course of the trial plaintiff called as a witness Perce Bollinger, a prohibition enforcement officer, who testified that he visited Webb's place twelve or fifteen times during the months of January and February, 1922, for the purpose of securing evidence; that on those occasions, or some of them, he bought and paid for whiskey which was served at a table; that he afterwards raided the place and found a quantity of intoxicating liquor; and that following the raid proceedings were commenced in the Federal District Court which resulted in a decree under which the building was padlocked. Plaintiff also called one Vinick, a deputy clerk of the United States District Court for the Western Division of the Western District of Missouri, who produced and read in evidence the records of that court in the case of the United States v. Charles C. Webb et al., a proceeding in equity. The bill alleged that defendant Webb and others, during a period of time beginning prior to January 1, 1922, and continuing up to and including the 15th day of April, 1922, had kept for sale, sold and bartered intoxicating liquors on said premises (the Edgewood Chicken Dinner Farm) for beverage purposes in violation of the National Prohibition Act. The decree recited that the defendant Webb confessed that the allegations of the bill were true. To all of this evidence defendant Rainey vigorously objected, on the ground that it was irrelevant and incompetent and would tend to prejudice the jury against him. In connection with the making of these objections there was an extended colloquy between court and counsel. Plaintiff's counsel stated: "Here we have two defendants, one defendant does not appear and we will have a default judgment against him. . . . Now the testimony that I am going to bring in now is principally against the defendant Webb." The court ruled: "We will hear your testimony as against Mr. Webb; but it will not be competent as against Mr. Rainey at this time." In response to a renewal of the objection by defendant Rainey's counsel, the court again ruled: "Of course, it is not com-

petent as against your client, Mr. Rainey, but only against Mr. Webb.''

When the evidence was all in the court instructed the jury as follows:

''1-Plf. The court instructs the jury that if you find and believe from the evidence that at the time and place in question the defendant Walter L. Rainey drew a pistol and without any cause shot plaintiff through the back, and if you find that plaintiff suffered injury therefrom, which you find was the direct result of said shooting, then you will find for the plaintiff and against the defendant Walter L. Rainey and assess his damages at such sum not to exceed $25,000, as you may believe from the evidence may be a fair compensation to the plaintiff for the bodily pain, if any, and loss of earning power, if any, which plaintiff suffered and will continue to suffer, if so.

''2-Plf. The court instructs the jury that if you find for the plaintiff and against defendant Walter L. Rainey on the preceding instruction, and if you further find from the evidence that the shooting referred to in the foregoing instruction was done with malice, then you may assess in favor of the plaintiff and against the defendant Walter L. Rainey exemplary damages in addition to the actual damages at such sum not to exceed $15,000 as in your judgment will be a warning to defendant not to commit similar acts.

''By the term 'malice' as used in this instruction is not meant mere spite, hatred or dislike, but is the intentional doing of a wrongful act to the injury of another without just cause or provocation.

''3-Plf. The total amount of your verdict, however, for actual damages to plaintiff cannot exceed the sum of $25,000, and the total amount of exemplary or punitive damages cannot exceed the sum of $15,000.

''By naming these amounts the court does not mean to imply that you shall find these amounts, or any amounts, but merely states these amounts are the amounts sued for in plaintiff's petition.

''4-Plf. If the jury find from the evidence that on or about the 26th day of March, 1922, defendant Walter L. Rainey, while intoxicated, if you so find, recklessly, deliberately, and intentionally, and without just cause, shot the plaintiff and thereby caused injury, then you will find the issues for the plaintiff and against said defendant Walter L. Rainey.

''And if you further find from the evidence that defendant Charles C. Webb for beverage purposes, sold to or assisted in procuring liquor for said defendant Rainey, and you find that said liquor caused or contributed to his intoxication, and you further find that said intoxication of defendant Rainey, if any, was the direct cause of

the injuries, if any, to plaintiff, then you will also find the issues for the plaintiff as against the said defendant Webb.

"1-Dft. The court instructs the jury that you will disregard all of the evidence of the plaintiff's witnesses, Perce Bollinger and A. Vinick, with reference to the defendant Walter Rainey.

"2-Dft. The court instructs the jury that if you find and believe from the evidence that the defendant Walter Rainey did not fire the shot that struck the plaintiff, then you will find for the defendant Walter Rainey."

Thereafter the cause was duly submitted and the following verdict returned:

"We, the jury, find the issues for the plaintiff, and do assess his actual damages against defendants, Walter L. Rainey and Charles C. Webb, at twenty-five thousand dollars and his punitive damages at fifteen thousand dollars."

Within due time each of the defendants filed a motion for a new trial and also one in arrest of judgment. These motions were all overruled and thereafter a separate appeal was granted each of the defendants.

I. Appellant Webb assigns as error the overruling of his demurrer to the petition. The only question raised by the demurrer was whether the facts stated were sufficient to constitute a cause
Seller of of action as against the demurrant. Section 20, Ar-
Intoxicating ticle II, of the National Prohibition Act provides:
Liquor.
"Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawfully selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication, and in any such action such person shall have a right to recover actual and exemplary damages." [41 U. S. Statutes at Large, p. 313.]

A casual reading of the petition discloses that every element of an action under the statute is comprehended within its averments. The demurrer was properly overruled.

II. Each appellant contends that his motion in arrest of judgment should have been sustained, on the ground that under the pleadings and the evidence a joint judgment against the defendants could
not properly be rendered. In considering these conten-
Joint tions it may be assumed that the petition on its face dis-
Judgment. closes a separate and distinct cause of action against
each defendant which in no way affects the other, in other words, a
315 Mo.—35.

misjoinder both of causes of action and of parties defendant. But even so, it must be held that the defendants consented to the uniting of these two independent law suits, one against Webb and one against Rainey, to be proceeded with as one action; for neither raised any question with respect thereto, either by demurrer or by motion to elect; neither requested a separate hearing; neither even asked a separate assessment of punitive damages. [Norton v. Reed, 253 Mo. 236; Dorrance v. Dorrance, 257 Mo. 317; Ford v. Dickinson, 280 Mo. 206.] Having waived all objections to the trial of the two causes of action in one proceeding, how are the defendants prejudicially affected by a judgment joint in form? Their independent tortious acts united in producing a single injury for which each of them is liable to make full reparation. A judgment could have been rendered against each for the full amount of the damages suffered by plaintiff; the judgment as entered against the two of them imposed upon each no greater burden. If there is a right of contribution between them, with respect to which we say nothing, it is in no wise affected by the form of the judgment. This assignment is overruled.

III. Appellant Webb insists that the judgment must be reversed as to him because there was an entire failure of proof that he "assisted in procuring liquor for defendant Rainey which caused his intoxication." There was no evidence of a specific sale to or procurement for Rainey of intoxicating liquor. Whether the evidence was sufficient to justify the jury in drawing an inference of such a sale or procurement we need not determine. The allegations of the petition that Webb did assist in procuring for his co-defendant the liquor which caused the latter's intoxication were not controverted by an answer, and must therefore, for the purposes of the action, be taken as true. [Sec. 1256, R. S. 1919.] Appellant argues, however, that as plaintiff did not take a judgment by default against him he waived the benefits of Section 1256 and was therefore bound to make proof of every material allegation of his petition. By failing to have the default noted plaintiff may have waived his right to an interlocutory judgment by default, the only effect of which would have been to have prevented defendant from coming in and making a defense after the expiration of the time given him to plead. [Land & Improvement Co. v. Creason, 264 Mo. 1. c. 457.] The section just referred to provides: "Every material allegation of the petition not controverted by the answer, . . . shall, for the purposes of the action, be taken as true." The operation of this statute is in no way dependent upon the entry of an interlocutory judgment by default. Speaking generally, it determines the extent to which proof is necessary in all cases, whether there be a default or not. In the instant case it was only

*Margin note: Default: Failure of Proof.*

necessary for plaintiff to prove, as against the defendant Webb, the amount of his damages.

But it is further contended by appellant, that plaintiff on the trial acted on the assumption that there was a general issue, in that, he offered evidence in respect to such an issue and obtained the verdict of the jury thereon, and that he is now bound by that theory of the case. But appellant is in no position to invoke the rule. Whatever theory of the case was entertained and acted upon by plaintiff in the trial court, defendant Webb was not misled thereby. He was not there; and he cannot now complain if plaintiff did an unnecessary thing imperfectly. [School District v. Shuck, 49 Colo. 526; Phillips v. Transit Co., 137 Wis. 189.]

Appellant cites many cases which hold, in effect, that the failure to file any pleading which is necessary to form an issue is deemed waived where the parties voluntarily proceed to trial as though issue was properly joined. Included among them are cases in which this court has held that where a reply is necessary to join the issues and the parties proceed to trial, and try the cause, as though a reply were filed, on appeal it will be considered that such a pleading was filed, regardless of whether it was in fact. Lying at the root of all these decisions there is an element of estoppel. They are inapplicable to the facts of this case.

IV. Appellant Webb's next insistence is that the petition afforded no basis for the assessment as against him of punitive damages. The allegation, "that defendant Charles C. Webb . . . **Punitive** unlawfully and wilfully caused, contributed and assisted **Damages.** in procuring liquor for defendant Walter L. Rainey, which caused his intoxication," was of itself, in so far as the pleading was concerned, a sufficient warrant under the statute for the assessment of exemplary damages. And its efficacy in that respect was neither increased nor diminished by the further allegations: "that said acts of defendants were malicious, entitling him [plaintiff] to punitive damages." Of course the provision of our code, that the compensatory and exemplary damages claimed shall be separately stated, must be complied with; that was done.

V. Appellant Rainey complains of the admission in evidence of the testimony of the prohibition enforcement officer; the testimony of the deputy clerk of the United States District Court; and the records of that court. It abundantly appears from the colloquy **Competent** that occurred between the trial court and counsel, as **Evidence** well as from the repeated rulings of the court, that all **Against One** **Defendant.** of that evidence was offered and admitted as against the defendant Webb only. This the jury must have understood at the time of its reception. Not only that but later they

were expressly instructed to disregard the whole of that evidence in passing upon the issues as between plaintiff and the defendant Rainey. It is hardly conceivable therefore that appellant was in any way prejudiced by the evidence. The presumption cannot be indulged that the jury were too ignorant to comprehend, or were too unmindful of their duty to respect, the instructions of the court pertaining to matters peculiarly within its province. [Salmons v. Railroad, 271 Mo. l. c. 402.]

There can be no doubt but that the evidence complained of was competent on the question of punitive damages, as against the defendant Webb. It tended to show, not only the conditions under which intoxicating liquor was furnished Rainey, but Webb's wilfull, deliberate and systematic violations of the law in that respect, and his utter disregard of the consequences to plaintiff and others of his unlawful acts. So that if this appellant suffered any evil effect from the evidence against his co-defendant, it was a necessary incident of the joint trial of which he cannot now complain.

VI. Appellant Rainey next contends that plaintiff's Instruction 1 was broader than the pleading, in that it directed the jury to find for plaintiff, if they found that "defendant Walter L. Rainey drew a pistol and without any cause shot plaintiff through the **Broadening** back;" whereas, the petition charged that defendant **Pleading.** "wrongfully and wilfully shot plaintiff." Appellant argues that under this instruction the jury were authorized to find for plaintiff even though the shooting might have been negligently or even accidentally done. The instruction by clear implication required the jury to find that the shooting was done intentionally and without any legal justification or excuse, and is entirely consistent with plaintiff's Instruction 4. The contention is without substance.

This appellant complains also of plaintiff's Instruction 4 on the ground that it permitted a joint recovery of damages against defendants without requiring a finding that defendants acted in concert and co-operated with each other in inflicting the injuries upon plaintiff. **Separate** A reading of the instruction discloses that it is entirely silent on the subject of the assessment of damages. Nor **Assessment.** does any instruction direct a joint assessment of damages. Not having requested an instruction directing the jury to assess against each defendant separately the damages, either actual or exemplary, appellant is in no position to raise the question now.

VII. Finally, it is contended by both appellants that the compensatory damages assessed by the jury are excessive. The evidence

shows without contradiction that plaintiff, a healthy, strong and
vigorous young man, thirty years of age, has not only
**Excessive**   been incapacitated from performing ordinary manual
**Verdict.**   labor, but has been rendered a semi-invalid for the re-
mainder of his life. We are unable to say that an award of $25,000
for that injury is so excessive as to require the interposition of this
court.

In view of the foregoing the judgment of the circuit court must be
affirmed. It is so ordered. All concur, except *Graves, J.,* absent.