[No. 19926.   Department Two.   August 17, 1926.]

GLENNA KARTERMAN, *Appellant,* v. MIKE SOGURA *et al.,*
*Respondents.*[1].

[1] APPEAL (406)—REVIEW—DISCRETION—ORDER GRANTING NEW TRIAL.
   In the absence of any showing of abuse of discretion, the supreme
   court will not review an order granting a new trial on the
   ground of excessive damages under the influence of passion or
   prejudice or for insufficiency of the evidence to sustain the ver-
   dict.

[2] TRIAL (98)—INSTRUCTIONS—REQUESTS—NECESSITY.   In the ab-
   sence of any requests therefor, error cannot be assigned on the
   failure to give instructions authorizing punitive damages under
   the Federal prohibition act.

Appeal from an order of the superior court, for Kitti-
tas county, Davidson, J., entered September 11, 1925,
granting a new trial as to certain defendants, and dis-
missing the action as to other of the defendants, in an
action for damages resulting from the sale of intoxi-
cating liquors.   Affirmed.

*H. E. Foster,* for appellant.

*F. A. Kern, E. E. Wager,* and *J. F. Knight,* for re-
spondents.

PARKER, J.—The plaintiff, Mrs. Karterman, com-
menced this action in the superior court for Kittitas
county, seeking recovery of damages which she claims
to have suffered as a result of the prolonged intoxica-
tion of her husband, brought about by the repeated
sales of intoxicating liquor to him by the nine defend-
ants.   The cause proceeded to trial in the superior court
sitting with a jury, which trial resulted in a verdict
awarding plaintiff recovery as against three of the de-
fendants; the trial court having, at the conclusion of
the introduction of the evidence, dismissed the case

[1]Reported in 248 Pac. 417.

as to the other six defendants in response to motions made in their behalf on the ground that the evidence would not support recovery against any of them.

The three defendants against whom the verdict was rendered timely moved for a new trial, upon the statutory grounds, among others, of "excessive damages appearing to have been given under the influence of passion or prejudice," and "insufficiency of the evidence to justify the verdict;" the latter meaning, of course, the insufficiency of the weight of the evidence as touching the question of new trial. These motions for new trial were by the court sustained, the court's order in that behalf being in general terms, without any indication whatever as to the grounds upon which it was by the court rested. From these rulings dismissing the action as to the six defendants and granting a new trial as to the three defendants, the plaintiff has appealed to this court.

It is contended in behalf of appellant that the trial court erred in dismissing the case as to the six defendants upon the ground that the evidence would not support recovery against any of them. A review of the evidence leaves no doubt in our minds as to the correctness of the trial court's ruling upon these motions. The evidence seems to us to fall so far short in supporting any possible recovery against any of them as to leave no ground for serious argument. We deem it wholly unnecessary to review the evidence with a view of demonstrating the correctness of the court's disposition of these motions to dismiss. In this connection some contention is made in behalf of appellant that the court erred to her prejudice in excluding certain offered evidence. These claims of error we have examined and deem them without merit.

[1] It is contended in behalf of appellant that the trial court erred in awarding to each of the three de-

fendants a new trial. The record is in such condition that we are not advised but that the awarding of a new trial to each of these defendants was rested upon matters within the discretion of the trial court; that is, within the discretionary grounds of new trial above quoted. Under our repeated decisions this situation prevents us from interfering with the order of the trial court granting a new trial to the three defendants, in any event in the absence of clear abuse of discretion in the trial court in so granting a new trial, which plainly is not shown by this record. *Morehouse v. Everett,* 136 Wash. 112, 238 Pac. 897.

[2] Some contention is made in appellant's behalf, rested upon the failure of the trial court to instruct the jurors that the award of any recovery they might make might be measured by them, not alone by the amount of actual damage appellant may have suffered, but by adding thereto punitive or exemplary damages. This contention seems to be rested upon the language of the Federal prohibition act. We do not find in the record any request by counsel for appellant for any instruction to the jury that appellant might be awarded punitive or exemplary damages. The court's instruction as to the measure of damages was in harmony with the damage rule of this state, which, as is well settled, excludes all punitive or exemplary damages. Under these circumstances, we do not feel called upon to examine the question as to whether or not the punitive or exemplary damage rule, which seems to be prescribed by the Federal prohibition act, is a controlling measure of damages in an action prosecuted in our state courts, as this action was prosecuted.

Some other contentions are made in appellant's behalf and briefly argued. We feel justified in equally briefly disposing of them by saying that we regard them without merit.

The orders of the trial court, dismissing the action as to the six defendants and awarding a new trial as to the three defendants are affirmed.

TOLMAN, C. J., MACKINTOSH, MITCHELL, and ASKREN, JJ., concur.