[S. F. No. 14212. In Bank.—August 31, 1931.]

SHELL OIL COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

McCutchen, Olney, Mannon & Greene, J. M. Mannon, Jr., and F. F. Thomas, Jr., for Petitioner.

Bertrand J. Wellman for Respondent.

PRESTON, J.—The petition for writ of prohibition is denied and the alternative writ is discharged.

One reasoning, briefly, is: First, that we are concerned here necessarily with questions of jurisdiction only and not with defects in pleadings, nor with difficulties, even if

well nigh insuperable, which may be encountered in proving the facts necessary to a recovery.

The action in the court below is by the wife and minor children of one Joseph C. Wheeler, to recover from the petitioner herein actual and exemplary damages growing out of the loss of support by reason of the addiction on the part of said husband and father to the use of intoxicating liquors, brought about, it is claimed, by the unlawful acts of the petitioner herein in providing him with liquor while in its employ. Apparently, the said Wheeler was for many years a trustworthy employee of petitioner and while in such employ acquired the liquor habit to such a degree that he was discharged by petitioner.

■ The action is grounded upon section 20 of the so-called Volstead Act (sec. 32, title 27, U. S. Code), which purports to give certain classes of persons a right of action when they have been injured by addiction to the liquor habit of one from whom they have the right of support through unlawful acts of others. Numerous questions are discussed but the principal one is the validity of said provision. Several instances are cited where causes of action have been sustained under this section: *Smithers* v. *Brunkhorst*, 178 Wis. 530 [190 N. W. 349]; *Stein* v. *Rainey*, 315 Mo. 535 [286 S. W. 53]; *Karterman* v. *Sogura*, 140 Wash. 195 [248 Pac. 417]; *The Westmoor*, (D. C., Or.) 27 Fed. (2d) 886; *Hoyt* v. *Tilton*, 81 N. H. 477 [128 Atl. 688]. In none of these cases has the validity of this section been called into question but on the contrary it has been assumed. The section, of course, is an attempt to exercise the powers conferred by the Eighteenth Amendment, which prohibits "the manufacture, sale, or transportation of intoxicating liquors . . . for beverage purposes . . . "

■ Who can say that the conferring of a cause of action upon a dependent who has been injured in his means of support by another, when due to a violation of this amendment, will not aid in the accomplishment of its object, to wit: The suppression of the traffic in intoxicating liquors? The rule in this respect is not in doubt. ■ It has been well stated in *Everhard's Breweries* v. *Day*, 265 U. S. 545, 558, 559 [68 L. Ed. 1174, 44 Sup. Ct. Rep. 628], as follows: "The Constitution confers upon Congress the power to make all laws necessary and proper for carrying into execu-

tion all powers that are vested in it. (Art. I, sec. 8, cl. 18.) In the exercise of such nonenumerated or 'implied' powers it has long been settled that Congress is not limited to such measures as are indispensably necessary to give effect to its express powers, but in. the exercise of its discretion as to the means of carrying them into execution may adopt any means, appearing to it most eligible and appropriate, which are adapted to the end to be accomplished and consistent with the letter and spirit of the Constitution."

This quotation is supported by a long and consistent line of federal court cases, beginning with *McCulloch* v. *Maryland,* 4 Wheat. 316 [4 L. Ed. 579]. It has also been confirmed in the more recent case of *Lambert* v. *Yellowley,* 272 U. S. 581, where at page 593 [49 A. L. R. 575, 71 L. Ed. 422, 47 Sup. Ct. Rep. 210], the court approves further language of the Everhard case as follows: "We cannot say that prohibiting traffic in intoxicating malt liquors for medicinal purposes has no real or substantial relation to the enforcement of the Eighteenth Amendment, and is not adapted to accomplish that end and make the constitutional prohibition effective. The difficulties always attendant upon the suppression of traffic in intoxicating liquors are notorious."

The first of these recent cases had to do with preventing physicians from prescribing intoxicating malt liquors for medicinal purposes and the other with the provision: "not more than a pint of spirituous liquor to be taken internally shall be prescribed for use by the same person within any period of ten days and no prescription shall be filled more than once." These provisions were held to be within the powers conferred by the Eighteenth Amendment. It is easily seen that the provision here in question would lend even more aid to the suppression of the unlawful use of intoxicating liquors. We therefore entertain no doubt whatever as to the validity of this provision.

If its validity be assumed, under article VI of the Constitution of the United States, the Eighteenth Amendment and all laws passed in pursuance thereof are the supreme law of the land. The state courts have a plain duty to perform in that respect as has been well stated in *Robb* v. *Connolly,* 111 U. S. 624, 637 [28 L. Ed. 542, 4

Sup. Ct. Rep. 544, 551], where the court says: "So, that a state court of original jurisdiction, having the parties before it, may, consistently with existing federal legislation, determine cases at law or in equity, arising under the Constitution or laws of the United States, or involving rights dependent upon such Constitution or laws. Upon the state courts, equally with the courts of the Union, rests the obligation to guard, enforce, and protect every right granted or secured by the Constitution of the United States and the laws made in pursuance thereof, whenever those rights are involved in any suit or proceeding before them; for the judges of the state courts are required to take an oath to support that Constitution, and they are bound by it, and the laws of the United States made in pursuance thereof, and all treaties made under their authority, as the supreme law of the land, 'anything in the Constitution or laws of any state to the contrary notwithstanding'."

From the above premise it is easily seen that the question as to whether or not the Wright Act of California, adopted section 20 of the Volstead Act is a false quantity. Neither are we impressed with the contention that the plaintiffs in the court below must resort to machinery provided by the Workmen's Compensation Act for relief. The cause of action here in question is referable only to the act of Congress and is not in any way fettered by any provision of the Workmen's Compensation Act of California. If it be assumed that the legislature of California is competent to provide that actions of this kind be heard by a special court or commission, a ready answer is that such action has not been taken. The section in question contemplates a trial in a court where common-law procedure prevails; the Industrial Accident Commission is not such a court; the Superior Court of California is such a court. It has assumed jurisdiction of the action and unless restrained will proceed with a trial of the cause. This to us seems entirely proper. The fact that the provision in question declares the damages resulting from such action to be the separate property of the plaintiffs or that the rule of damages is otherwise varied by the provision is not here material. As above stated, the California courts are charged with the duty of enforcing within their jurisdiction the cause of

action conferred by a valid act of Congress; hence the conclusion first announced.

Seawell, J., Curtis, J., Waste, C. J., and Shenk, J., concurred.

Rehearing denied.