GEORGE G. JUVENAL, APPELLANT, v. MICHAEL H. HEIM, CHARLES H. CLARK AND W. A. MOBLEY, RESPONDENT.—177 S. W. (2d) 672.

Kansas City Court of Appeals.   January 10, 1944.

*Marcy K. Brown, Jr.,* for appellant.

*Casemore & Berman* for respondents.

BLAND, J.—This is a proceeding to vacate a judgment of a justice of the peace, and to restrain the enforcement of a writ of execution issued thereon. A restraining order was issued but upon motion of defendants it was dissolved and plaintiff's petition was dismissed. Plaintiff has appealed.

The petition alleges that the judgment was rendered against plaintiff, and in favor of defendant, Heim, by one McNamara, a former justice of the peace within and for Kaw Township, Jackson County, Missouri; that the judgment was in the sum of $300, with interest; that defendant, Charles H. Clark, is the successor in office of said McNamara, and that the defendant, Mobley, is the constable of said Clark; that when the suit before the justice was brought plaintiff's attorney asked the justice to transfer the cause to another justice, for the reason that Heim's attorney was an office associate of the justice; that upon this suggestion being made the justice became insensed at plaintiff's attorney, believing that he had been charged with dishonesty and for sale and that if he transferred the cause it would be an admission thereof; that no such insinuation was intended by plaintiffs attorney but the matter was merely presented to said justice as a suggestion; that when the case came on for trial the justice was advised that Juvenal, the defendant, was in California and a continuance was requested on that ground but the continuance was refused and a default judgment was rendered against Juvenal on July 9, 1940; that within ten days thereafter, or, on July 18, 1940, Juvenal filed a motion to set aside said default judgment and tendered all accrued costs as provided by Section 2367, Revised Statutes Missouri 1939; that the costs were accepted by the clerk of the justice and were never returned to Juvenal. There is no allegation in the petition that any request was made for their return.

It is further alleged in the petition that·it is the universal practice in justice courts, on costs being paid after default judgment, to set aside the judgment upon application; that it is the duty of said justice that if the judgment was not set aside to advise counsel of his refusal to do so, so that an appeal might be taken within the ten days allowed by law after the judgment was rendered.

The petition further alleges that the said justice waited until July 19, 1940 (the last day for taking an appeal), to make an order refusing to set aside the default judgment, and that it was several days later

that Juvenal's attorney ascertained that said justice had refused to set aside said default judgment.

The petition further alleges that the acts of the justice were "deliberate, willful and intentional, and done with the intent of preventing said defendant Juvenal from being able to take an appeal to this court, and so that the judgment rendered would be final, and the same was a legal fraud in the procurement of said judgment intrinsic of the merits of said cause, and done out of malice and spite at said Juvenal's attorney for the aforesaid purposes and for collusion and collaboration with said Heim's attorney, who was an office partner of said justice as aforesaid."

The petition further alleges that after the rendition of the judgment a writ of execution was sued out; that said Juvenal had a good defense to the action in that the claim sued upon in the justice court had been paid in full and compromised.

Upon the filing of the petition in the circuit court a restraining order was issued. Thereupon, defendants filed a motion entitled "Motion to Dissolve Restraining Order and to Dismiss Plaintiff's Petition", and for grounds therefor stated:

"1. That the petition does not, on its face, state a cause of action in equity.

"2. That irreparable damage is being caused defendants by said restraining order.

"3. That no notice was given to these defendants that plaintiff would apply for a temporary restraining order.

"4. That no bond was provided and filed by plaintiff in this cause to indemnify defendants against damages caused them."

There was a fifth paragraph in the motion amounting to merely a demurrer to the petition, giving specific reasons for claiming that the petition was demurrable.

Thereafter the cause came on for hearing upon the motion. No answer had been filed, no evidence was heard, and no trial, in any sense, was had of the motion. The hearing resulted in the motion being sustained. Thereafter, plaintiff filed a motion to set aside the order dissolving the restraining order and dismissing plaintiff's petition and for a new trial alleging error on the part of the trial court in sustaining defendants' motion and error in dismissing plaintiff's petition without a hearing and without evidence, and without permitting his filing of an amended petition. The motion was overruled, and plaintiff has appealed.

There was no appeal from the order dissolving the restraining order but the appeal is from the judgment dismissing plaintiff's cause of action. Plaintiff, in his brief, admits that the restraining order was issued without notice and says that "plaintiff has doubt of the jurisdiction of the court to issue any kind of a restraining order against

220

legal proceedings, without notice, after considering the provisions of Revised Statutes Missouri, 1939, section 1666.''

Plaintiff states that the court considered defendants' motion as a pleading in the nature of a demurrer to the petition and, undoubtedly, that was the theory upon which the court acted, as no answer had been filed and no evidence was considered. Of course, even though the restraining order was properly dissolved, plaintiff was entitled to a hearing upon the merits and, even if his petition did not state a cause of action (a matter we do not pass upon) plaintiff had a right, as a matter of course, to amend his petition (Secs. 925, 975, R. S. Mo. 1939; State ex rel. Inter-River Drainage Dist. v. Almon Ing, 299 Mo. 1), but we do not agree with plaintiff that the court deprived him of his right of amendment, under the circumstances of this case for, whatever may have been the wording of the judgment, (and it is final in form, dismissing defendant with costs), it was only a judgment sustaining the demurrer to the petition, and not a judgment upon the merits. [State ex rel. v. Almon Ing, *supra*, l. c. 12.] There was no trial and the motion for a new trial served no purpose so far as this appeal is concerned. There was no final judgment rendered, within the meaning of the statute allowing appeals. [Sec. 1184, R. S. Mo. 1939; Wagon & Buggy Co. v. Cornell, 131 Mo. App. 344; Seavy v. Silvers, 296 S. W. 479; Mutual Life Ins. Co. of Baltimore v. Eaves, 2 'S. W. (2d) 193.]

The appeal is dismissed. *Cave, J.*, concurs; *Shain, P. J.*, not sitting.