THOMAS JONES, Appellant, v. THOMAS H. WILLIAMS and OLIVE WILLIAMS.—No. 40433.—209 S. W. (2d) 907.

Division Two, February 9, 1948.

Supplemental Opinion Filed, March 8, 1948.

Motion for Rehearing or to Transfer to Banc Overruled, April 12, 1948.

*John V. Goodson* for appellant.

*Dan R. Hughes, John R. Hughes, Waldo Edwards* and *Paul D. Hess, Jr.,* for respondents.

[908] WESTHUES, C.—Plaintiff, Jones, on November 9, 1944, filed a petition in the Circuit Court of Macon County, Missouri. On January 23, 1947, the trial court sustained defendants' motion to dismiss the petition. Plaintiff then filed a motion for new trial which was overruled and he appealed.

The defendants, respondents here, filed a motion to dismiss the appeal. They have filed no brief on the merits. In appellant's brief no reference was made to the contents of plaintiff's petition. In fact no reference was made in the brief to the subject matter of the lawsuit, nor has appellant made any point on the question of whether the petition stated a cause of action. The points for review are therefore limited to questions of procedure.

In the motion to dismiss respondents assert that appellant's brief does not contain a concise statement of the grounds which vest this court with jurisdiction of the appeal. The brief contains a statement that title to real estate is involved. No other statement was made with reference to the nature of the action or the relief sought by the petition. The bare statement made is a conclusion and under the rules insufficient. We have determined our jurisdiction by an examination of the petition.

Respondents say the record does not contain any judgment and further that no judgment exists that could be supplied. The only entry or order made by the trial court that may be considered a judgment is the order sustaining defendants' motion to dismiss the

petition. This motion to dismiss stated as grounds therefor that the trial court lacked jurisdiction over the subject matter; that plaintiff had not the legal capacity to sue; that the petition failed to state a cause of action and further that the petition disclosed no cause of action could be stated. The order sustaining the motion reads as follows:

"Defendants' motion to dismiss sustained as to counts 1, 2, 3 & 4 of plaintiff's petition and plaintiff's petition dismissed."

Exceptions were taken to that ruling and a motion for new trial filed which was later overruled. Sec. 101 of Our Code, Laws 1943, page 385, governs this question. The latter portion of that section reads as follows:

". . . any involuntary dismissal other than one for lack of jurisdiction or for improper venue shall be with prejudice unless the court in its order for dismissal shall otherwise specify."

Since the motion to dismiss alleged that the petition failed to state a cause of action and also that the petition disclosed no cause of action could be stated, the sustaining of such a motion under Sec. 101 would be with prejudice and would be a final judgment from which an appeal could be taken. [909] We therefore hold that plaintiff had a right to appeal, when his petition was dismissed, on the grounds above indicated. The motion to dismiss the appeal is therefore overruled.

Turning now to appellant's brief we find that all the points made pertain to questions of whether the trial court should have sustained plaintiff's motion for a judgment by default. This requires an examination of the record. We will state it as briefly as possible. Plaintiff's petition was filed November 9, 1944, and served upon the defendants on December 11, 1944. The January Term of Court opened on January 15, 1945. The first entry appearing at that term was made on February 5, 1945, which entry reads as follows:

"Hughes & Hughes enter their appearance as attorneys for all defendants. Leave to defendants to file motion to dismiss. Same filed."

This motion to dismiss alleged that plaintiff was a non-resident of the state and a subject of Great Britain and that no bond for costs had been filed. The next entry, made on September 5, 1945, shows that plaintiff filed a motion for interlocutory judgment on the ground that defendants had not filed an answer. Following this, the record shows that on September 7, 1945, the court sustained the motion to dismiss conditionally, granting plaintiff until October 8 to file a bond for costs. The court also, on September 7, overruled plaintiff's motion for interlocutory judgment and granted the defendants leave to plead on or before October 28, 1945. The record then shows that plaintiff filed a bond for costs on October 8, 1945, and that on October 24, the defendants filed their motion to dismiss

plaintiff's petition on the ground that it did not state a cause of action. This motion was referred to in the forepart of this opinion. On December 8, 1945, plaintiff filed a second motion asking for interlocutory judgment, alleging that defendants were given leave to plead on or before October 28, 1945, and no pleading had been filed by the defendants. On January 31, 1946, the court overruled plaintiff's motion for interlocutory judgment and gave leave to plaintiff to file a motion to strike defendants' motion to dismiss from the files. The motion was filed that day. This motion alleged that the defendants' motion was not responsive to the order of the court giving defendants' leave to plead and that the motion to dismiss had not been served on the plaintiff or his attorney. On February 8, 1946, the court denied plaintiff's motion to strike defendants' motion to dismiss from the files. On February 9, 1946, plaintiff filed a motion for judgment on the pleadings on the ground that defendants were in default. On February 26, 1946, plaintiff's motion for judgment on the pleadings was overruled. No further action seems to have been taken thereafter until January 21, 1947, when the record shows that the case was set for trial for January 23, 1947. The record then discloses that on January 23, 1947, defendants' attorneys were present in court and that plaintiff's attorney was present, but announced he was not appearing for plaintiff. The only motion then pending in the case was defendants' motion to dismiss plaintiff's petition. The record shows that the court asked plaintiff's counsel if he wished to be heard on that motion and counsel replied: "I am here merely as a spectator, Your Honor." The court then sustained defendants' motion to dismiss and the record shows that plaintiff's counsel ". . . then and there duly objected and excepted, . . . " Thereafter motion for new trial was duly filed which was overruled and plaintiff appealed.

Appellant contends that he became entitled to a judgment by default on the second day of the January Term, 1945. He says in his brief that the trial court was without legal authority thereafter to give leave to file motion to dismiss; that the proper procedure was to enter interlocutory judgment, citing Sec. 1239 R. S. Mo. 1939, Mo. R. S. A.; Laclede Land & Improvement Co. v. Creason, 264 Mo. 452, l. c. 457, 175 S. W. 55; Stein v. Rainey, 315 Mo. 535, 286 S. W. 53; Cornoyer v. Oppermann Drug Co., 56 S. W. (2d) 612. No doubt a plaintiff is entitle to an interlocutory judgment when the defendant duly served is in default, however, Sec. 1240 R. S. Mo. 1939, Mo. R. S. A., authorizes a court, on timely motion and for good cause shown, to set aside a default judgment and permit [910] the defendant to file an answer. In this case plaintiff did not seek an interlocutory judgment until seven months after the defendants had asked the court and were given leave to file a motion to dismiss and the motion was filed. In the absence of a showing to the contrary we

must assume that the trial court properly exercised its discretion in permitting defendants to contest plaintiff's claim. If sufficient grounds existed for such action it was useless thereafter to enter an interlocutory judgment only to be set aside and to permit the defendants to contest the case. However, a complete answer to plaintiff's contention may be found in the Creason case, supra. In that case Creason was in complete default. The trial court entered a judgment against plaintiff on the ground that plaintiff was not entitled to any relief and decreed title to the land in controversy to be in Creason, the defaulting defendant. This court in reviewing the judgment said in the concluding portion of the opinion:

"It follows that the judgment herein should be reversed and the case remanded with directions to make a general finding against plaintiff, dismissing its petition and in favor of defendants for costs, but to refrain from affording affirmative relief to defendant Creason, who made default."

See also McCrosky v. Burnham, 282 S. W. (Mo. App.) 158, 1. c. 160 (3) (4, 5). In that case it was held a judgment by default should not be entered in plaintiff's favor if the petition failed to state a cause of action. In the case before us the trial court ruled that plaintiff's petition did not state a cause of action. If that be true, then the trial court rightly dismissed plaintiff's petition even if defendants had never appeared in court. As above stated, appellant has made no contention in this court that his petition stated a cause of action. In the brief appellant made no reference to the petition or its contents and the brief does not even reveal the nature of plaintiff's action. In such a situation, there being a judgment for the defendants, we cannot examine the petition for the purpose of determining its sufficiency. Appellant has not asked us to do so.

The judgment is affirmed. *Bohling* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.

### SUPPLEMENTAL OPINION

█ WESTHUES, C.—It has been suggested to the writer of the opinion in the above case that the opinion erroneously held the action of the trial court, sustaining the motion to dismiss the petition on the ground that it failed to state a cause of action, was a final judgment from which an appeal could be taken. It has been suggested that Sec. 101 of Our Code, Laws 1943, page 385, has no bearing on this question. The case of Edwards v. Sittner, 206 S. W. (2d) 578, 1. c. 580 (6, 7), recently published, was referred to as holding to the contrary. We have given the question further attention and have reached the following conclusions.

It is true that under the new code the sufficiency of a pleading to state a cause of action or defense must be raised by a motion to dismiss as provided in Sec. 62 of the code. Under the old practice such a question was presented by a demurrer. Thus far the motion to dismiss and the demurrer are similar. There is, however, a vast difference as to the effect of a ruling on a motion to dismiss and a ruling on a demurrer under the old practice. Under the practice as formerly in vogue, if a demurrer to a petition on the ground no cause of action was stated was sustained, a plaintiff had the right under the statute then in force, but now repealed, to file an amended petition. Sec. 925 R. S. Mo., 1939, Mo. R. S. A. Hence, the rulings of various cases, that a plaintiff's petition, but not his cause of action, was dismissed by the sustaining of a demurrer. Therefore, the sustaining of a demurrer was not a final judgment See Juvenal v. Heim, 238 Mo. App. 217, 177 S. W. (2d) 672; State ex rel. Adams v. Stockton, 123 S. W. (2d) 611. If a third petition was held insufficient on demurrer then the trial court was in duty bound [911] to enter a final judgment against the plaintiff. See Sec. 948 R. S. Mo., 1939, Mo. R. S. A. Under the old practice, therefore, sustaining a demurrer did not have the effect of dismissing the cause of action because plaintiff had the right as a matter of law to file an amended petition. Sec.'s. 925 and 948, supra, have been repealed and cases based upon those sections cease to be authority on the question now before us.

Under the new code a trial court may permit a plaintiff to file any number of amended petitions if in the opinion of the court justice so requires. The statute says, ". . . leave shall be freely given when justice so requires." Sec 81 of the New Code, Laws 1943, page 378. See also Gerber v. Schutte Inv. Co. et al., 354 Mo. 1246, 194 S. W. (2d) 25. However, a trial court may, under the new code, determine on the first motion to dismiss that the petition filed is insufficient and that it would be useless to give leave to amend because a cause of action could not be stated. Under the new code a party does not have the right, as a matter of law, as he did under the old practice, to file an amended petition after a motion to dismiss on the ground of failure to state a cause of action has been sustained. Sec. 81 of the code merely directs the trial court to be liberal in granting leave to file amended pleadings. Sec. 126 of the New Code, Laws 1943, page 390, provides that an appeal may be taken from a final judgment. Neither Sec. 81 or Sec. 126 of the new code, supra, have any bearing on the question of the effect of an order sustaining a motion to dismiss. In our opinion Sec. 101 does govern the question. This section plainly states: "A dismissal with prejudice operates as an adjudication upon the merits." The section also provides:

". . . any involuntary dismissal other than one for lack of jurisdiction or for improper venue shall be with prejudice unless the court in its order for dismissal shall otherwise specify."

Therefore, an order of a trial court sustaining a motion to dismiss on the ground that no cause of action is stated in an adjudication upon the merits as well as a dismissal with prejudice. This is true unless the trial court shall otherwise specify. The conclusion seems to be inescapable that such an order, under the plain terms of the statute, is a final judgment, the reason being that the statute so says. If a plaintiff desires to file an amended petition it is up to him to ask leave to do so. The law no longer gives him that right as a matter of law. If he does not wish to file an amended petition he has the right to appeal and have the question of the sufficiency of his pleading determined by an appellate court. The trial court may thereafter permit an amended petition to be filed by sustaining a motion for new trial (Gerber v. Schutte Inv. Co., 354 Mo. 1246, 194 S. W. (2d) 25, supra); or by setting aside its judgment within thirty days (Sec. 118) regardless of whether or not a motion for new trial has been filed.

We hold, therefore, that an order dismissing a petition because no cause of action is stated is a final judgment unless the trial court shall otherwise specify. It seems to the writer that rulings, such as in the case of Edwards v. Sittner, 206 S. W. (2d) 578, l. c. 580 (6, 7), carry into the new code procedural matters long followed under the old practice, but which were expressly omitted and discarded under the new code, and that the sections of law giving rise to that practice have been expressly repealed. Therefore, that part of the opinion holding to the contrary in the case of Edwards v. Sittner, supra, indicated by syllabi (6, 7), is hereby disapproved. It will be noted that the cases cited by the Court of Appeals, as for example, Juvenal v. Heim, supra, were expressly based upon the sections of law above discussed and now repealed.

The repealing of those sections and the enactment of Sec. 101, supra, certainly indicate that a new procedure was desired. Also to be considered is Sec. 59 abolishing demurrers. The courts should follow this new procedure and not engraft upon the law, or rather carry into the new practice matters which were expressly discarded.

It has been suggested that our ruling is in conflict with Federal Cases construing Sec. 41 (b) of the Federal Code, [912] which it is said was the basis for Sec. 101 of our code. It will be noted, however, that Rule 41 (b) of the Federal Code does not contain the provision that a dismissal such as we have before us now shall be with prejudice. If Sec. 101 is based upon the Federal Rule, then we must give all the more emphasis to the new clause that was inserted in Sec. 101 and is not contained in Rule 41 (b). We think this difference is sufficient justification for not following the federal practice.

Upon further consideration of this case we are satisfied with the result reached in our original opinion. This supplemental opinion

538

has been prepared for the purpose of further explaining our ruling. *Bohling* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.