Lois M. Runnion, Admx., Appellant, v. Mrs. Eleanor Paquet, Respondent.—233 S. W. 2d 803.

Kansas City Court of Appeals.   Opinion delivered October 2, 1950.

*C. W. Prince* and *Wm. Dennis Bush,* for appellant.

*S. D. Flanagan, Jr., E. D. Franey* and *Hay & Flanagan,* for respondent.

114

DEW, P. J.—A petition, designated "Creditors' Bill in Equity", was filed by the plaintiff as administratrix of the estate of a deceased insured, to recover the proceeds of his life insurance policies described, and to enjoin the beneficiary named therein from collecting the same. The defendant insurance company interpleaded, paid the policy proceeds, $6633.60, into court, was allowed attorneys' fees and was discharged. The defendant beneficiary, respondent here, filed, together with her answer and other pleadings, a motion to dismiss plaintiff's petition as insufficient to state a cause of action, which motion was sustained, and the petition was dismissed without conditions. After plaintiff's motion for new trial was overruled, plaintiff appealed from the judgment of the court.

The petition alleges that the plaintiff is the duly appointed administratrix of the estate of John Wilbur Robert, deceased, who died June 10, 1949; that he was unmarried and left his father, brothers and plaintiff as his only relatives; that defendant insurance company had issued certain described group insurance policies in 1948 upon the life of the deceased; that the deceased had performed all of the conditions provided in said policies, and that the defendant insurance company is liable to pay the amount thereof. It is further

alleged that, although the insurer had been notified of the rights and claims of plaintiff in and to the said insurance proceeds, it had drawn checks therefor and had delivered same to defendant National Lead Company, employer of the insured, which was about to transfer the same to the defendant Eleanor Paquet, the beneficiary named, who is a married woman of no kin to the deceased insured. The petition avers that defendant Mrs. Paquet had no insurable interest in the life of the deceased and suffered no pecuniary loss from his death, was not lawfully dependent upon him or his earnings or property; that she ''enticed'' the insured into canceling his government insurance, payable to his lawful heirs and involving a greater amount, and to take out the policies in suit. It alleges that she exerted over the deceased such control as to restrain him from associating with other women or with his relatives and held him in fear and subjection, depriving his blood heirs of his companionship, affection and natural bounty.

The petition further states that plaintiff individually contracted for and incurred the funeral expenses for the burial of the deceased insured, amounting to $838.50, and has been advised and believes that there are other debts of the deceased chargeable against his estate; that the insured left no money or property with which to pay such debts except the policies described, upon which he paid the premiums during his lifetime, and about $108.00 in salary due him at his death, from defendant Lead Company; that his creditors are entitled to payment of their claims and said burial expenses out of said life insurance policies, and that plaintiff, as administratrix of his estate, is entitled to collect the same. The petition asks judgment for the plaintiff, for the amount of the policies in behalf of the estate; that the National Lead Company be directed to surrender the insurance checks into court; that defendant Mrs. Paquet be enjoined from collecting or receiving any part of the insurance proceeds or of the salary due deceased, and for general relief.

The defendant insurance company, by its interplea, admitted the policies and the amounts due thereon, and tendered the proceeds of same into court. It disclaimed any knowledge as to which of the claims thereto was valid, and was allowed to deposit the proceeds, was awarded attorneys' fees and was discharged. The defendant Lead Company relinquished to plaintiff a small amount of salary due deceased at the time of his death, and plaintiff dismissed her cause as to that company.

The defendant Eleanor Paquet, sole respondent here, filed her answer, and with it a motion to strike out parts of the petition and a motion to dismiss. The motion to dismiss was heard and sustained. It alleged that the petition fails to state a claim upon which relief can be afforded the plaintiff thereunder, and that she has an adequate

remedy at law. The ruling of the court sustaining the above motion to dismiss, was made without condition as to amendment or otherwise.

Such an involuntary dismissal, under the record as stated, constitutes a dismissal with prejudice and operates as an adjudication upon the merits. Section 101 of the New Code, Laws, 1943, page 385. Such an order is a final judgment from which an appeal may be taken. Jones v. Williams, 357 Mo. 531, 209 S. W. 2d 907, 911.

The plaintiff, in her appeal here, presents only two points of error. Her first point is that if, when the policies were issued to the insured, he was single and was insolvent and owed debts which were never paid and continued insolvent during the period when he paid the premiums, then, at his death, the proceeds of such policies are subject to the payment of his debts. Her second point is that the court erred in refusing her leave to amend her petition ''alleging the insolvency of insured and existence of certain indebtedness at the time of the issuance of the insurance policies in plaintiff's original petition described and the continuance of said insolvency during all the time of the payment of premiums by insured upon said insurance policies and stating a cause of action for payment of said debts out of said insurance policies''.

In the status in which the pleadings stood at the time of the dismissal complained of in this appeal, the plaintiff could amend her petition only upon leave of court. Section 81 of the Code. Under the old code, when a demurrer to the petition was sustained on the ground that no cause of action was stated, the right of the plaintiff to amend was given by statute. Under Section 81 of the New Code the plaintiff does not have that right as a matter of law. That section merely states that ''leave shall be freely given when justice so requires''. Jones v. Williams, 357 Mo. 531, 209 S.W. 2d 907, 908, 909. The record here does not show that at the time of the hearing upon the motion to dismiss or when the order was made thereon the plaintiff made any request for leave to amend. But the plaintiff states in her main brief that her counsel immediately asked leave to amend to ''show the existing debts outstanding when the insurance policies were issued'', since the funeral expenses pleaded appeared to be a subsequent and not an existing debt. The plaintiff further relies upon her motion for new trial, wherein she asked that judgment be set aside as not a final judgment because, at the time the petition was dismissed by the court, she desired and still desires to amend her petition ''to aver and allege that the insured was insolvent at the time that the insurance policy and contract described in plaintiff's petition was issued, and during all of the time said insured paid the premiums upon said policy, and that counsel for plaintiff, at the time said motion was sustained, requested the court for leave to amend said petition, setting forth the said facts, * * *''. The general ground of the motion for new trial

118

was that the judgment was not a final judgment and should be set aside because the plaintiff was not given an opportunity to amend her petition to allege said facts, and that said judgment was against the law.

At the oral argument of this appeal and by supplemental brief, counsel for the first time presented the proposition that a plaintiff may by amendment of his petition change the capacity in which he sues from that of a representative to that of an individual, where the fundamental facts of the controversy remain the same. The inference is that the plaintiff could have amended her petition in that additional respect if given an opportunity.

It is the contention of the defendant Mrs. Paquet that a creditors' bill in equity to reach the proceeds of the life insurance of the deceased insured cannot be maintained by the plaintiff here as administratrix of his estate, but can be maintained, if at all, only by the creditors of said decedent; that the petition shows that the insured took out the policies in question and made the defendant beneficiary thereof and this he could do regardless of whether or not the beneficiary had an insurable interest in his life; that the plaintiff is not permitted in law to raise the question of insurable interest of the defendant, as such question may be raised only by the insurer; that the proceeds of the policies in suit belong to the beneficiary and are not subject to administration nor do they constitute an asset of the estate of the insured; that the petition is fatally defective in that it does not state that the insured was insolvent at the time he took out the policies and paid the premiums thereon, and the existence of a subsequent funeral bill will not subject the policies to his debts; that even if plaintiff could maintain the suit and the insured was insolvent, as stated, no recovery could be had on the policies other than for the amount of the premiums paid by the insured while insolvent, and that such premiums were so trivial in amount as not to constitute any fraud on creditors.

The defendant further contends that the court did not err in refusing plaintiff leave to file an amended petition (a) because plaintiff no longer has such right as a matter of law, when a motion to dismiss has been sustained for failure to state a cause of action, and (b) plaintiff could not state a cause of action if the amendments proffered were allowed to be made; (c) that the court can properly refuse leave to file an amendment when it is evident from the petition and the proposed amendments that the plaintiff can not properly state a cause of action, and (d) that the proposed amendment was further insufficient because it did not state that any claims had been allowed against the estate of the insured by the Probate Court, nor that the assets in the hands of the administratrix were not sufficient to pay the debts of the deceased.

In respect to the oral argument made by plaintiff's counsel, and in her supplemental briefs, upon the additional point that a plaintiff may amend his petition to change his capacity from that of a representative to that of an individual, defendant insists that such should not be allowed or considered in the instant case because the only amendment to the petition claimed to have been requested, and which was specifically alleged in the motion for new trial, did not include such additional amendment as now proposed; that under Section 140(a) of the New Code, appellate courts shall not review allegations of error not presented to the trial court; further, that the record does not disclose that the insured was indebted to plaintiff, individually, when the policies were taken out and the premiums thereon paid; and that such new allegation of error cannot be considered in this court for the first time in oral argument since the same was not found in the record of the trial court.

In her motion for new trial plaintiff specified the amendment, in substance, which she said she requested leave to make and which was refused, which refusal, she contended, was error. That amendment, definitely stated, had to do only with proposed allegations of insolvency and indebtedness of the insured at the time he took out the policies and paid the premiums thereon. No reference was made in the motion for new trial to any proffered amendment substituting the plaintiff as an individual instead of as administratrix, nor was there any sufficient general reference to any other proposed amendments. The refusal of the court for leave or opportunity to amend by changing the capacity of plaintiff, if error, was never called to the attention of the trial court. Rule 3.23. Under Section 140(a) Civil Code, such an allegation of error cannot be reviewed because it was not presented to or expressly decided by the trial court. Neither was that point of error made directly or indirectly in the plaintiff's main brief filed on appeal. Rule 1.08. In her main brief she states:

"The appellant presents to this Court on this appeal the single issue whether the trial court erred in entering what purported to be a final judgment and refusing plaintiff leave to file an Amended Petition pleading the insolvency of insured at the time the insurance policies were issued and during all the times the premiums were paid by the insured vesting plaintiff with the right to the insurance proceeds to the extent necessary for payment of the debts of deceased existing at the time the said insurance policies were issued".

Hence, we shall not review the plaintiff's belated contention that she could have amended her petition by changing the capacity of plaintiff.

The granting of leave to amend a petition is discretionary with the court. Although the Code (Sec. 81) requires liberality in the

granting of such leave, the action of the court will not be disturbed unless its discretion has been palpably and obviously abused. Brinkmann Realty Co. v. Deidesheimer, 201 S.W. 2d 503, 507. "However, a trial court may, under the new code, determine on the first motion to dismiss that the petition filed is insufficient and that it would be useless to give leave to amend because a cause of action could not be stated". Jones v. Williams, supra, page 911.

The plaintiff here does not contend that her present petition states a cause of action. Assuming that request was made to amend the petition, at the time of the hearing of the motion to dismiss, in the respects stated in the motion for new trial, and leave therefor was then and there denied as claimed, let us consider if such amendments proposed would have supplied sufficient allegations to the petition to state a cause of action. For the purpose of the motion to dismiss, the facts pleaded, together with such amendments, will be considered true.

As so amended, the plaintiff, as administratrix of the estate of the insured claiming the proceeds of his life insurance policies on the theory of fraud on his creditors, must first show, by her petition, her right to maintain such action as administratrix. An administrator of the estate of a deceased person represents the estate as against the creditors "where there is a contest between them". It is his duty to preserve the estate for all persons interested in it, but he does not represent the creditors as against the estate. As such, the administrator cannot attack a transaction of his decedent on the ground of the decedent's own fraud any more than decedent could, in his lifetime, assert his own fraud to avoid his own contract. State Bank of Willow Springs v. Lillibridge, 316 Mo. 968, 293 S. W. 116; 33 C. J. S. p. 1079. Such is attempted here by the petitioner with the proposed amendments considered as made. We, therefore, rule that the plaintiff, as administratrix, cannot maintain this action.

Furthermore, the petition, considered as so amended in respect to insolvency and indebtedness of the insured, seeks to recover for the creditors the proceeds of the policies, in which defendant Mrs. Paquet is admittedly named beneficiary. Her existence or identity is not denied. She is very much alive and present in this case as defendant and respondent. According to the petition she did not take out the policies or pay the premiums on them, but the insured himself did. This is true even if she "enticed" him to do so. "There can be no doubt that every person has an insurable interest in his own life, and that he may insure it for the benefit of any person whom he sees fit to name as beneficiary". Walker v. General American Life Ins. Co., (Mo.) 141 S.W. 2d 785, 787. Such being true, the proceeds of the policies here would, upon the death of the insured, be the sole property of defendant Paquet.

Even though the plaintiff were otherwise qualified to maintain this action, the petition pleads as one ground for the application of the proceeds under the policies to the claims of creditors, that the defendant Mrs. Paquet, the named beneficiary, had no insurable interest in the life of the insured. The insurance company here, upon being sued by the plaintiff for the proceeds of the policies, confessed its liability on the policies and paid the proceeds into the court. Plaintiff now is in no position to question the validity of the policies on the ground of want of an insurable interest. The policies must be treated as they are found. 44 C. J. S. p. 915, note 45. In fact, the question of lack of insurable interest in a life insurance policy can be raised only by the insurer. 29 Am. Jur. p. 291; Baker v. Keet-Roundtree Dry Goods Co., 318 Mo. 969, 2 S.W. 2d 733, 738. Hence the plaintiff could not, in any capacity, have been permitted to challenge the insurable interest of the defendant Paquet in the life of the deceased, under the policies in suit.

The plaintiff did not plead, and so far as her motion for new trial shows, she did not attempt, by amendment, to plead that there had been any claims filed or allowed in the Probate Court against the estate of the insured. It was merely alleged that the plaintiff believed claims would be filed and she set forth her claim for a funeral bill advanced. She now admits that the claim for funeral expense was a subsequent debt and not one existing when the policies were issued and the premiums paid. There is no sufficient allegation of debts due creditors of the insured, and without creditors, no creditors' bill can be maintained to reach property alleged to have been conveyed in fraud of creditors. There are other points made by respondent which we deem it unnecessary to review.

All of the foregoing appearing upon the face of the petition, considered as amended in the respects stated in plaintiff's motion for new trial, it is evident that the court correctly ruled that the petition failed to state a cause of action and did not abuse its discretion in refusing leave to amend in such requested respects, if the court did so refuse, and correctly dismissed the petition. The judgment of the court is affirmed. *Broaddus, J.,* concurs. *Vandeventer, J.,* (Sitting by order of Supreme Court) concurs. *Cave, J.,* not sitting.