**Idella SWIFT, Plaintiff-Respondent,**

v.

**Claude W. BAGBY, Defendant-Appellant,**

**John Swift, Jr., Defendant.**

**No. 10481.**

Missouri Court of Appeals,
Springfield District.

Dec. 6, 1977.

---

L. D. Joslyn, Jeffrey C. Vaughan, Joslyn, Joslyn, Vaughan & Pruett, Charleston, for plaintiff-respondent.

Manuel Drumm, Sikeston, for defendant-appellant.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

TITUS, Judge.

Plaintiff was a passenger in an automobile driven by Swift when it collided with a vehicle operated by Bagby. Plaintiff sued both Swift and Bagby. A jury awarded her $5,000 in damages against Swift and exonerated Bagby. The trial court granted plaintiff a new trial on damages as to Swift when he confessed error and granted a new trial as to Bagby "for the reason that the Court erred in not permitting the plaintiff's attorney to make proper inquiry on voir dire examination of the jury panel as to whether or not any member of the panel had an interest in [Bagby's] insurance company and denied plaintiff's attorney the right to restate the insurance question to the panel and to receive an answer from the panel as to the insurance question." Bagby appealed.

Pursuant to an in camera disclosure by Bagby's lawyer that Aetna Casualty and Surety Company was interested in the action, the court said the insurance question could be asked on voir dire inquiry "if it is not isolated or asked first or last and if it is intermingled with the other questions." During voir dire examination, plaintiff's attorney queried, "Now, I want to ask you if any of you on the panel have ever worked for or had any—been an officer or employee in any way of the Aetna Casualty and Surety Company, any of you been an employee, officer or work for the Aetna Casualty and—". Bagby's lawyer interrupted and moved for a mistrial because plaintiff's counsel "has just done exactly what the Court told him not to do . . . he has repeated; he has emphasized the insurance question." The motion was overruled and the court told plaintiff's counsel not to repeat the question but "[y]ou may ask the jury what the answer is to the last question." No member of the panel responded when plaintiff's lawyer inquired, "Will you answer the last question that I asked?" The attorney then asked two panel members "can you answer it," and one responded with "Aetna Insurance Company." When plaintiff's lawyer asked the court to have the "reporter read the question back to the jury [because] the jury does not

know what the question is at this time," Bagby's attorney renewed his motion for mistrial. The motion was denied and the court instructed plaintiff's counsel, "Go to your next question and forget the last one." The attorney complied.

■ It is the duty of each venireman on voir dire examination to fully, truthfully and fairly answer all questions directed to him [*Girratono v. Kansas City Public Service Company*, 272 S.W.2d 278, 282[6] (Mo. 1954)], for litigants have a right to ascertain which jury panel members are, or might be, interested in the result of the lawsuit. *Faught v. St. Louis-San Francisco Railway Co.*, 325 S.W.2d 776, 779[1] (Mo. 1959). In particular, plaintiffs have the right to learn if any venireman is connected with an insurance company which has an interest in the litigation. *Bunch v. Crader*, 369 S.W.2d 768, 770[1] (Mo.App.1963). "A denial of this right is prejudicial to the party entitled to its exercise" [*Butler v. Talge*, 516 S.W.2d 824, 827[3] (Mo.App. 1974)], and "has been held to be reversible error." *Hancock v. Light*, 435 S.W.2d 695, 701 (Mo.App.1968). Accessory to the right to ask a proper insurance question, is the right to receive an answer thereto under oath. *Olian v. Olian*, 332 Mo. 689, 692, 59 S.W.2d 673, 674 (1933).

■ A trial court is afforded wide discretion in passing on a motion for a new trial which raises an issue concerning the qualification of jurors. Its power to grant a new trial is discretionary only as to questions of fact, and the qualifications of jurors are questions of fact and matters affecting the determination of issues of fact. *Tate v. Giunta*, 413 S.W.2d 200, 202[1, 2] (Mo.1967). No discretion is available to a trial court in passing on a question of law. *State ex rel. St. Hwy. C. v. Nickerson & Nickerson, Inc.*, 494 S.W.2d 344, 346[1] (Mo. 1973). If the trial court had simply prohibited plaintiff via counsel from exercising the right to ask a proper insurance question of the panel, the court would then have had no discretion in passing on a motion for new trial claiming this error because denial of

the right would involve an issue of law. Cf. *Aiken v. Clary,* 396 S.W.2d 668, 677[12] (Mo. 1965). On the other hand, if the trial court, under compulsion of a motion for a new trial, is called upon to determine whether plaintiff was prejudiced vel non by being deprived of a right to receive a satisfactory answer to the insurance question or whether the court under the circumstances erred in refusing counsel's request to repeat the question or to have it read by the reporter, then resolution of these issues would involve questions of fact or, perhaps, mixed questions of fact and law. The purpose of a new trial motion is to give the trial court a second chance to correct any errors that were made during trial, and if it believes its discretion on questions of fact was not wisely exercised and resulted in prejudice, it may order a new trial. *Union Electric Company v. Turner,* 446 S.W.2d 430, 433[3] (Mo.App.1969).

On appeal from an order granting a new trial on discretionary grounds, an appellate court will indulge every reasonable inference favorable to the ruling and will not reverse unless there has been a clear abuse of discretion. *Laclede Inv. Corp. v. Kaiser,* 541 S.W.2d 330, 333[4] (Mo. App.1976). Also, an appellate court will be more liberal in upholding a trial court's action in sustaining a motion for new trial than in denying it. *Ogle v. Terminal R. R. Ass'n of St. Louis,* 534 S.W.2d 809, 812–813[5] (Mo.App.1976).

Trial courts, in the interest of securing a fair and impartial jury, should give counsel wide latitude as to the questions propounded on voir dire examination [*Grundmann v. Knezevich,* 449 S.W.2d 874, 878[9] (Mo.App.1970)], but in order to prevent overemphasis of insurance involvement in the case, it is within the province of trial courts to reasonably circumscribe the voir dire examination as it relates to the insurance question. *Butcher v. Main,* 426 S.W.2d 356, 360[9] (Mo.1968). As in all cases where an insurance carrier is interested in the lawsuit, the trial court here was faced with the delicate task of marking the boundaries of the insurance question, yet providing counsel sufficient scope in his voir dire examination to fully ascertain if any veniremen were connected with the involved carrier. We believe that initially the court properly set the limits of the insurance question and no one complains on appeal of its delimitation. Nevertheless, in the course of propounding the insurance question and amid attempts to secure answers thereto, there were interruptions, rather lengthy bench conferences and indications that the veniremen had forgotten the question or, at least, had forgotten the true identity of the carrier involved. Regardless of who was responsible for the situation, the net result was that plaintiff's counsel was effectively denied an adequate inquiry as to which members of the panel, if any, were connected with the Aetna Casualty & Surety Company. Upon reflection and given a second chance to consider the matter, the court concluded it had erred to plaintiff's prejudice in not permitting counsel to restate the question and to receive an answer thereto. Under the circumstances peculiar to this case, we cannot say that granting a new trial for the reasons stated was a clear abuse of the trial court's discretion.

The order granting a new trial is affirmed.

All concur.