Angela Nichole LUECKENHOFF, a minor by her next friend, Richard LUECKENHOFF and Rebecca Lueckenhoff, Plaintiffs-Respondents,

v.

JEFFERSON CITY SCHOOL DISTRICT, Defendant-Appellant.

No. WD 32941.

Missouri Court of Appeals, Western District.

June 23, 1982.

James C. Swearengen & Johnny K. Richardson of Hawkins, Brydon & Swearengen, P. C., Jefferson City, for defendant-appellant.

Louis C. DeFeo, Jr., Jefferson City, for plaintiffs-respondents.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

MANFORD, Judge.

Plaintiffs, as parents and on behalf of their minor daughter, seek injunctive relief and damages against defendant six-director school district. This appeal follows an order granting a motion for new trial. Affirmed.

The substantive issues presented to the trial court are neither addressed nor disposed of by this opinion. Appellant presents two points of error, charging the trial court erred in (1) granting respondent a new trial since there never was a trial [Rule 78.01] and (2) failing to comply with Rule 78.03.

This court has before it the parties' briefs, pleadings and the trial court docket entries. From this sparse source, this court has been able to ascertain the following events. Respondents filed their amended petition on February 13, 1981. That pleading was met by appellant's motion to dismiss for failure to state a cause of action, filed March 6, 1981. On March 31, 1981, the trial court heard argument on appellant's motion and on the same date, sustained the motion. The trial court ruled as to Count I of the petition that respondents had an adequate remedy at law. As to Counts II and III, the trial court ruled that appellant was not subject to suit and was not a proper party. The trial court docket sheet then shows that respondents filed a Motion for New Trial on April 13, 1981, which was timely under Rule 78.04.[1] The motion for new trial was argued on April 23, 1981 and the court took the matter under advisement. On July 1, 1981, following the submission of memoranda by the parties (none of which is part of the record on appeal) the

trial court sustained respondents' motion for new trial. This appeal followed.

There is no dispute that the parties received adequate notice, were afforded opportunity to appear, and in fact, did appear for argument on the motion for new trial.

As to its first point (1), appellant argues that the circuit court erred in granting respondents' motion for new trial after the dismissal of respondents' petition because Rule 78.01 "*only authorizes a new trial after trial by jury, court or master.*" In support of this allegation, appellant argues that Rule 78.01 indicates a *prerequisite* to the granting of a new trial, and that *prerequisite* is that a *trial* and therefore Rule 78.01 did not authorize the trial court to grant a new trial.

Appellant urges a far too limited or restricted interpretation of Rule 78.01. As will be observed infra, authority cited by appellant finds no conflict with the disposition herein.

*State ex rel. May Department Stores v. Haid*, 327 Mo. 567, 38 S.W.2d 44, 51 (banc 1931) tells us that the purpose of a motion for new trial is to call to the attention of the trial court errors occurring "during the course or progress of the trial of a cause or proceeding . . ." Appellant suggests to this court that *May* limits motions for new trials to actions wherein evidence has been submitted and a full trial has occurred. Appellant further cites *Swift v. Bagby*, 559 S.W.2d 635, 638 (Mo.App.1977) to support the same conclusion. This court finds nothing in either *May* or *Swift* that either mandates or suggests that the filing of a motion for new trial and action upon same is limited exclusively to proceedings with evidence submitted at trial. The underlying principle in both *May* and *Swift* is to emphasize the authority of the trial court to rule upon a motion for new trial in order that errors which may have occurred *anywhere along any point in the proceedings* can be corrected so as to possibly avoid the lengthy process of appeal. To be sure, most cases

1. Formerly Rule 78.02.

wherein a motion for new trial is filed and ruled are those cases where a complete trial with evidence submitted has occurred. This is the very thing urged by appellant, but this court finds that neither *May, Swift,* nor any other authority suggests such a limitation.

In the instant case, there is no question that the order of dismissal of respondents' petition with prejudice was an adjudication on the merits and was final for purposes of appeal. *Miller v. Schultz*, 614 S.W.2d 11 (Mo.App.1981).

When the order of dismissal was entered, there arose three simultaneous methods which could have brought this action to finality in addition to respondents' simply electing not to proceed further. First, respondents, within the permitted time, could have filed an appeal. Secondly, the trial court, upon suggestion of either party or upon its own initiative, could have set aside the dismissal anytime within 30 days of the order of dismissal. Rule 75.01. The third method and the one followed in this case was the timely filing of a motion for new trial. This third method was affirmed in *Gerber v. Schutte Inv. Co., et al.*, 354 Mo. 1246, 194 S.W.2d 25 (1946). *Gerber* was reaffirmed in *Jones v. Williams*, 357 Mo. 531, 209 S.W.2d 907, 911 (1948), wherein the Missouri Supreme Court declared, "The trial court may thereafter permit an amended petition to be filed *by sustaining a motion for new trial* (*Gerber v. Schutte Inv. Co.,* supra); or by setting aside its judgment within thirty days (Sec. 118) regardless of whether or not a motion for new trial has been filed." (emphasis added) *Jones* was reaffirmed in *Miller v. Schultz, supra.*

■ In the instant proceedings, the trial court did not set aside its original order of dismissal within 30 days as it was authorized to do pursuant to Rule 75.01. Respondent filed a timely motion for new trial. The order of dismissal was a final action of the trial court and as observed in *Jones*, such action was a judgment of the trial court. Contrary to appellant's contention that motions for new trials are exclusively limited to *trials* either to the court, with a

jury or before a master, and upon such proceedings wherein evidence has been submitted, this court concludes the trial court order of dismissal was an adjudication upon the merits and within *Jones*, a final appealable judgment. This court further concludes that to fully effectuate the intent and purpose of Rule 78.01, an order dismissing a petition for failing to state a cause of action with prejudice must be considered tantamount to the trial of a cause before the court and to which a timely filed motion for new trial is applicable for disposition by the trial court.

■ Since respondents filed their timely motion for new trial, (13 days following the order of dismissal) the trial court retained jurisdiction over the proceedings for a period not to exceed 90 days or until such time within that 90 days the trial court ruled the motion. Rule 78.06. The record reveals that the trial court ruled the motion within the 90-day period. The trial court's action was proper.

It should be noted that under *Jones*, the trial court, by sustaining a motion for new trial, could thereafter permit the filing of an amended petition. In the instant case, the trial court, in granting a new trial, permitted respondent to proceed on its petition without further amendment. This court concludes that the rule in *Jones* applies in either instance. There appears no valid reason to distinguish between those cases where the trial court grants additional opportunity to amend the petition and those wherein a new trial is granted and the proceedings permitted to go forward upon an original or previously amended petition.

Point (1) is found to be without merit and is ruled against appellant.

In the final point (2), appellant charges that the trial court erred for failing to comply with Rule 78.03. Rule 78.03 reads:

"Rule 78.03. Order Granting New Trial Shall Specify Grounds

Every order allowing a new trial shall specify of record the grounds on which said new trial is granted."

The trial court set forth no specific reasons for the granting of the new trial. From this, appellant says that Rule 84.05(b) is applicable and this court may not presume the new trial was granted on any discretionary grounds, Rule 84.05(c). Appellant argues that this court must presume that the motion for new trial was granted erroneously, Rule 84.05(b). Appellant finally argues that respondents, under such circumstances, have the burden of overcoming the presumption that the trial court acted erroneously, Rule 84.05(b).

The entry by the trial court relative to the motion for new trial reads, "July 1 81. The Court again takes up the matter of Plaintiff's Motion for New Trial which had previously been taken under advisement and Court hereby grants a new trial. (judge's initials)"

Appellant argues that from the face of the petition, it can be determined that no cause of action lies. A review of the petition has been undertaken for the purpose of determining whether respondent, with the petition as support, has borne the burden of overcoming the presumption that the trial court acted erroneously. Rule 84.05(b).

The trial court dismissed respondents' petition upon the basis that respondents had an adequate remedy at law and that relief in equity would not lie in an action for admission of respondents' minor child to public school kindergarten and demand for payment of tuition for such services. The relief sought was not exclusively a demand for payment by appellant, but seeks relief against future demand for payment under threat of an order directing that the minor child be expelled. Without passing upon the merits of the allegations contained in the petition, it is obvious from the petition that the allegations sound in equity and it was error for the trial court to dismiss the petition upon the finding of an adequate remedy at law.

The dismissal of Counts II and III by the trial court rested upon an erroneous conclusion of law by the trial court.

The trial court ruled that appellant was not a proper party to this action. It is obvious from this record that the trial court erroneously concluded that appellant, as a six-director school district, was not subject to suit and declared appellant not to be a proper party defendant. This ruling was error as a matter of law. This ruling was directly contrary to the rule announced by the Missouri Supreme Court in *Prewitt v. Parkway School District*, 557 S.W.2d 232 (Mo.banc 1977). See also *Concerned Parents, et al. v. Caruthersville School District, et al.*, 548 S.W.2d 554 (Mo.banc 1977).

From the record, bare as it is, plus the argument and authority presented by respondents, it is concluded that respondents have met the burden required to overcome the presumption that the trial court's granting of a new trial was erroneous as required by Rule 84.05. The failure of the trial court to specify the grounds on which it granted a new trial do not justify overturning the court's granting of a new trial. *Hightower v. Hightower*, 590 S.W.2d 99 (Mo.App.1979). Point (2) is found to be without merit and is ruled against appellant.

Affirmed.