**Wes HORNSBY, Plaintiff-Appellant,**

v.

**Jeanne C. WEST, Defendant-Respondent.**

No. 46939.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 7, 1984.

William S. Preiss, St. Louis, for plaintiff-appellant.

Edward Thomas Liese, St. Louis, for defendant-respondent.

KAROHL, Presiding Judge.

The trial court granted defendant-respondent's motion for new trial after a plaintiff's verdict in a suit for personal injuries resulting from an automobile collision. Plaintiff appeals. We affirm.

The following exchange took place between a juror and the trial judge in open court after the close of all the evidence and immediately before the jury instruction conference:

Juror: Your honor, are insurance companies involved in these? Do these two people have insurance?

The court: Sir, that's a question that I can't answer.

All jurors were present during the conversation. Defendant moved for a mistrial. The court did not immediately rule on defendant's motion, but overruled it by permitting the trial to continue. After judgment was entered on a jury verdict in favor of plaintiff, the court granted defendant's motion for new trial. The trial judge found that the juror's question "improperly injected the question of 'Insurance' into the case" and that "[t]he Court should not have entertained the question as it pertained to the case."

 "The court may grant a new trial of any issue upon good cause shown." Rule 78.01. This rule invokes the trial court's discretion; where the granting of a new trial is based on the determination of questions of fact or matters affecting the determination of fact issues, we reverse only for an abuse of broad discretion. *Oventrop v. Bi-State Development Agency*, 521 S.W.2d 488, 492 (Mo.App.1975).[1]

Here the event which triggered the granting of a new trial was a matter affecting the determination of fact issues and thus invoked the broad discretion of the trial court. The conversation was in the delicate area of communication between judge and jury and concerned a potentially prejudicial subject, i.e. insurance coverage. The trial judge perceived prejudice to defendant from the juror's unfortunate question and his own answer. We find no abuse of discretion.

The trial judge was in the best position to determine the effect or influence the exchange had on the jurors. In coming to his decision he could consider the event in the context of the entire trial and the atmosphere of the courtroom. "[T]he order sustaining the motion ... reflected the court's own individual conception of what the exi-

gencies of the situation required." *Boyd v. Pennewell*, 78 S.W.2d 456, 458 (Mo.App. 1935).

Although we cannot, from the written record, determine with certainty how defendant was prejudiced by the event, neither can we find that no prejudice could have resulted from the exchange nor that the trial court abused its discretion in finding that prejudice did result. *See* 78 S.W.2d at 458.

The trial court's order granting defendant's motion for new trial is affirmed.

REINHARD and CRANDALL, JJ., concur.

---

1. Where the granting of a new trial is based on a decision as to a matter of law, the trial court

has no discretion. *Swift v. Bagby*, 559 S.W.2d 635, 637 (Mo.App.1977).